Michael Porter, WSB No. 37339
mike.porter@millernash.com
Erin M. Burris, OSB No. 155379
(*admitted pro hac vice*)
erin.burris@millernash.com
MILLER NASH LLP
605 5th Ave S, Ste 900
Seattle, WA 98104
Telephone: 206.624.8300

Attorney for Defendant

Honorable Thomas O. Rice

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN DOE, a New Mexico Resident,<br><br>Plaintiff,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF WHITMAN COLLEGE, a Washington Not for Profit Corporation,<br><br>Defendant. | Case No. 4:23-cv-5136-TOR<br><br>DEFENDANT'S ANSWER TO COMPLAINT AND DEFENSES |

Defendant Board of Trustees of Whitman College dba Whitman College (hereafter "Whitman" or "Defendant"), answers the Complaint of Plaintiff John Doe ("Plaintiff" or "Doe") as set forth below.

## I. PARTIES

1.1    Answering paragraph 1.1, Whitman admits the allegation of paragraph 1.1 that plaintiff is currently attending Whitman. Whitman lacks sufficient knowledge or information to admit or deny the allegation about

DEFENDANT'S ANSWER TO COMPLAINT AND DEFENSES - 1
(Case No. 4:23-cv-5136-TOR)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

plaintiff's residence and therefore denies it. Whitman denies the remaining allegations of paragraph 1.1.

1.2    Whitman admits paragraph 1.2.

## II. JURISDICTION AND VENUE

2.1    Answering paragraph 2.1, Whitman admits that plaintiff is asserting claims against it arising under the federal laws stated in paragraph 2.1, but Whitman denies any implication that it violated those laws. Whitman denies the allegations of paragraph 2.1.

2.2    Whitman admits the allegations of paragraph 2.2 but denies any implication that any claim of plaintiff has merit.

2.3    Whitman admits the allegations of paragraph 2.3 but denies implication that any wrongful acts or omission occurred.

## III. ALLEGED FACTS

3.1    Answering paragraph 3.1, Whitman admits that plaintiff began his freshman year at Whitman in Fall 2022. Whitman further admits he selected a major in Physics/Pre-Engineering major in Whitman's "3-2 Engineering" program and a minor in Chinese. Whitman further admits plaintiff participated on one of Whitman's NCAA athletic teams. Whitman further admits that the 3-2 Engineering program provides students the opportunity to earn a Bachelor's of Arts degree in Pre-Engineering from Whitman in three years and a Bachelor's of Science degree from a partner institution in two years. Whitman denies the remaining allegations of paragraph 3.1.

3.2    Whitman admits paragraph 3.2.

3.3    Whitman admits paragraph 3.3.

3.4    Whitman denies paragraph 3.4.

DEFENDANT'S ANSWER TO COMPLAINT AND DEFENSES - 2
(Case No. 4:23-cv-5136-TOR)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

3.5    Answering paragraph 3.5, the Academic Resource Center ("ARC") approved of the following for plaintiff: (1) Testing/Up to 50% extended time (exams and quizzes); (2) Reasonable extensions on assignments; and (3) Classroom materials/Use of audiobooks and audio-enabled documents for assigned readings and handouts. Whitman admits paragraph 3.5.

3.6    Answering paragraph 3.6, Whitman cannot know with certainty what plaintiff means by "high achieving" or "highly intelligent" and therefore denies the allegations of paragraph 3.6.

3.7    Whitman admits paragraph 3.7.

3.8    Whitman denies paragraph 3.8.

3.9    Whitman admits paragraph 3.9.

3.10    Answering paragraph 3.10, Whitman admits that its Academic Resource Center supports students in identifying disability accommodations. Whitman denies the allegations of paragraph 3.10.

3.11    Whitman admits paragraph 3.11.

3.12    Answering paragraph 3.12, Whitman admits that on February 1, 2023, Professor Doug Juers emailed plaintiff. Whitman denies the remaining allegations of paragraph 3.12.

3.13    Answering paragraph 3.13, Whitman admits that at the beginning of the Spring 2023 semester, Professor Maria Lux issued a class syllabus for her course, GENS-176, that stated that Professor Lux does "not accept late work on larger projects * * * except in extreme circumstances." Whitman denies the remaining allegations of paragraph 3.13.

3.14    Whitman admits paragraph 3.14.

3.15    Answering paragraph 3.15, Whitman admits that on April 4, 2023, Assistant Director of Academic Resource Center Laura Cummings emailed

DEFENDANT'S ANSWER TO COMPLAINT AND DEFENSES - 3
(Case No. 4:23-cv-5136-TOR)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

plaintiff the quoted excerpts alleged in paragraph 3.15. Whitman denies the remaining allegations of paragraph 3.15.

3.16   Answering paragraph 3.16, Whitman admits that before Spring Break, Professor Lux and plaintiff discussed that plaintiff could turn in "process work" (students' short-term assignments) late in accordance with a one-week grace period Professor Lux offers all students for that type of assignment. Whitman further admits that plaintiff turned in some "process work" late and that it was accepted without penalty. Whitman denies the remaining allegations of paragraph 3.16.

3.17   Answering paragraph 3.17, Whitman admits that on May 6, 2023, Professor Lux emailed plaintiff and his advisor, Professor Hoffman, in part: "As you know from my syllabus, I don't accept late projects (though the daily work has a 1-week grace period and I've been happy to offer you extensions on those)." Whitman further admits that Professor Lux suggested he talk to his advisor. Whitman further admits that Professor Lux stated that he could calculate his grade to determine whether he would pass, but from her end, "it look[ed] very unlikely." Whitman further admits that Professor Lux did not send the email to the ARC or submit an academic concern report at that time. Whitman denies the remaining allegations of paragraph 3.17.

3.18   Answering paragraph 3.18, Whitman admits that Professor Hoffman initially emailed plaintiff following Professor Lux's email the quoted passage alleged in paragraph 3.18. Whitman further admits that plaintiff replied to Professor Hoffman about scheduling a meeting with Professor Hoffman. Whitman denies the remaining allegations of paragraph 3.18.

DEFENDANT'S ANSWER TO COMPLAINT AND DEFENSES - 4
(Case No. 4:23-cv-5136-TOR)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

3.19     Answering paragraph 3.19, Whitman admits that Professor Hoffman was informed of plaintiff's accommodations. Whitman denies the remaining allegations of paragraph 3.19.

3.20     Answering paragraph 3.20, Whitman admits that Professor Hoffman did not challenge Professor Lux's position, assert that plaintiff should do so, or suggest any of Professor Lux's actions were a violation of any kind. Whitman denies the implication that Professor Hoffman's actions or Professor Lux's actions violated any law. Except as expressly admitted, Whitman denies the allegations of paragraph 3.20.

3.21     Answering paragraph 3.21, Whitman admits that plaintiff scheduled a meeting with Associate Athletic Director Albert Reiser for May 8, 2023. Whitman admits that plaintiff and Reiser discussed the status of plaintiff's grades in his classes. Except as expressly admitted, Whitman denies the allegations of paragraph 3.21.

3.20     Answering paragraph 3.20 on page 8,[1] plaintiff and Reiser generally discussed whether plaintiff could pass GENS-176 and other courses, but Whitman denies that Reiser made any specific conclusions. Whitman denies the remaining allegations of paragraph 3.20 on page 8.

3.21     Whitman admits the allegations of paragraph 3.21 on page 8.[2]

3.22     Answering paragraph 3.22, Whitman admits that on May 11, 2023, Professor Lux emailed plaintiff in part, "I totally understand." Whitman denies the remaining allegations of paragraph 3.22.

---

[1] Plaintiff's complaint has a duplicate paragraph "3.20" on Page 8. This paragraph responds to the second 3.20 paragraph on Page 8.

[2] Plaintiff's complaint has a duplicate paragraph "3.21" on Page 8. This paragraph responds to the second 3.21 paragraph on Page 8.

DEFENDANT'S ANSWER TO COMPLAINT AND DEFENSES - 5
(Case No. 4:23-cv-5136-TOR)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

3.23    Answering paragraph 3.23, Whitman admits that Coach Brian Kitamura met with plaintiff frequently in early May 2023, and they discussed plaintiff's grades and coursework. Whitman further admits that plaintiff's grades at the end of the semester are those as alleged in paragraph 3.23. Whitman lacks sufficient knowledge or information to admit or deny the allegations about plaintiff's improvements pertaining to acceptance of late assignments and therefore denies them. Whitman denies the allegations of paragraph 3.23.

3.24    Whitman admits paragraph 3.24.

3.25    Answering paragraph 3.25, Whitman admits that Associate Dean for Academic Affairs Helen Kim provided information to plaintiff and his family about the Board of Review petition process. Whitman further admits that on August 3, 2023, plaintiff submitted a Petition to the Board of Review seeking "Late Withdrawal (with grade of 'W')" for GENS-176. Whitman further admits that Whitman accepted a request to amend plaintiff's petition to completely remove the GENS-176 grade from his transcript. Whitman denies the remaining allegations of paragraph 3.25.

3.26    Answering paragraph 3.26, Whitman admits that on September 8, 2023, the Board of Review informed plaintiff that it denied his petition to retroactively withdraw from GENS-176. Whitman further admits that the September 8, 2023 email stated that the language in Professor Lux's syllabus did not absolve plaintiff of "the responsibility to initiate a discussion with Prof. Lux about how [plaintiff's] accommodations could be utilized." Whitman denies the remaining allegations of paragraph 3.26.

3.27    Answering paragraph 3.27, Whitman admits that on August 8, 2023, Dean Kim provided information to plaintiff's father about Whitman's grievance process. Whitman further admits that plaintiff submitted a grievance to

DEFENDANT'S ANSWER TO COMPLAINT AND DEFENSES - 6
(Case No. 4:23-cv-5136-TOR)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

the Division of Diversity and Inclusion concerning allegations of failures to accommodate plaintiff. Whitman denies the remaining allegations of paragraph 3.27.

      3.28.    Answering paragraph 3.28, Whitman admits that the ARC did not have a Director position until July 1, 2023. Whitman further admits that Dean Kim supervised some ARC employees. Whitman further admits that Dean Kim did not know plaintiff or that he had accommodations before July 2023. Whitman denies the remaining allegations of paragraph 3.28.

## IV. ALLEGED CAUSES OF ACTION I:
**Americans with Disabilities And Failure to Accommodate**

    4.1    Answering paragraph 4.1, Whitman incorporates its responses from paragraphs 1.1 through 3.28.

    4.2    Answering paragraph 4.2, although not an allegation about the facts of this case, Whitman acknowledges that the Americans with Disabilities Act ("ADA") is a federal law and that its content speaks for itself.

    4.3    Answering paragraph 4.3, although not an allegation about the facts of this case, Whitman acknowledges that the ADA is a federal law and that its content speaks for itself.

    4.4    Answering paragraph 4.4, although not an allegation about the facts of this case, the statement in paragraph 4.4 is a legal conclusion to which no answer is required and therefore Whitman denies paragraph 4.4.

    4.5    Answering paragraph 4.5, Whitman lacks sufficient knowledge and information to admit or deny the allegations of paragraph 4.5 and therefore denies them.

    4.6    Whitman denies paragraph 4.6.

    4.7    Whitman denies paragraph 4.7.

DEFENDANT'S ANSWER TO COMPLAINT AND DEFENSES - 7
(Case No. 4:23-cv-5136-TOR)

**MILLER NASH LLP**
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4.8  Whitman denies paragraph 4.8.

4.9  Whitman denies paragraph 4.9.

4.10  Whitman denies paragraph 4.10.

4.11  Whitman denies paragraph 4.11.

## V.  ALLEGED CAUSES OF ACTION II:
### Violation of Section 504 of the Rehabilitation Act

5.1  Answering paragraph 5.1, Whitman incorporates its responses from paragraphs 1.1 through 4.11.

5.2  Answering paragraph 5.2, although not an allegation about the facts of this case, Whitman acknowledges that Section 504 of the Rehabilitation Act of 1973 is a federal law and that its content speaks for itself.

5.3  Whitman lacks sufficient knowledge and information to admit or deny the allegations of paragraph 5.3 and therefore denies the allegations of paragraph 5.3.

5.4  Whitman denies paragraph 5.4.

5.5  Answering paragraph 5.5, although not an allegation about the facts of this case, the statement in paragraph 5.5 is a legal conclusion to which no answer is required and therefore Whitman denies paragraph 5.5.

5.6  Answering paragraph 5.6, although not an allegation about the facts of this case, the statement in paragraph 5.6 is a legal conclusion to which no answer is required and therefore Whitman denies paragraph 5.6.

5.7  Whitman denies paragraph 5.7.

5.8  Whitman denies paragraph 5.8.

5.9  Whitman denies paragraph 5.9.

5.10  Whitman denies paragraph 5.10.

DEFENDANT'S ANSWER TO COMPLAINT AND DEFENSES - 8
(Case No. 4:23-cv-5136-TOR)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

# VI. ALLEGED CAUSES OF ACTION III:
## Violation of Washington Law Against Discrimination and Reasonable Accommodation

6.1     Answering paragraph 6.1, Whitman incorporates its responses from paragraphs 1.1 through 5.10.

6.2     Answering paragraph 6.2, although not an allegation about the facts of this case, Whitman acknowledges that the Washington Law Against Discrimination is a state law and that its content speaks for itself.

6.3     Answering paragraph 6.3, although not an allegation about the facts of this case, Whitman acknowledges that the RCW 28B.10.912 is a state law and that its content speaks for itself.

6.4     Whitman lacks sufficient knowledge and information to admit or deny the allegations in paragraph 6.4 and therefore denies the allegations of paragraph 6.4.

6.4     Whitman denies paragraph 6.4.[3]

6.5     Answering paragraph 6.5, although not an allegation about the facts of this case, the statement in paragraph 6.5 is a legal conclusion to which no answer is required and therefore Whitman denies paragraph 6.5.

6.6     Whitman denies paragraph 6.6.

6.7     Whitman denies paragraph 6.7.

6.8     Whitman denies paragraph 6.8.

# VII. ALLEGED CAUSES OF ACTION IV:
## Negligence

7.1     Answering paragraph 7.1, Whitman incorporates its responses from paragraphs 1.1 through 6.8.

---

[3] Plaintiff's complaint has a duplicate paragraph "6.4" on page 15. This paragraph responds to the second paragraph 6.4 on page 15.

DEFENDANT'S ANSWER TO COMPLAINT AND DEFENSES - 9
(Case No. 4:23-cv-5136-TOR)

**MILLER NASH LLP**
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

7.2 Whitman denies paragraph 7.2.

7.3 Whitman denies paragraph 7.3.

7.4 Whitman denies paragraph 7.4.

7.5 Whitman denies paragraph 7.5.

## VIII.  ALLEGED CAUSES OF ACTION V:
### Breach of Contract

8.1 Answering paragraph 8.1, Whitman incorporates its responses from paragraphs 1.1 through 7.5.

8.2 Whitman denies paragraph 8.2.

8.3 Whitman denies paragraph 8.3.

8.4 Whitman denies paragraph 8.4.

8.5 Whitman denies paragraph 8.5.

8.6 Whitman denies paragraph 8.6.

8.7 Whitman denies paragraph 8.7.

8.8 Whitman denies paragraph 8.8.

## IX.  ALLEGED CAUSES OF ACTION VI:
### Breach of the Covenant of Good Faith and Fair Dealings

9.1 Answering paragraph 9.1, Whitman incorporates its responses from paragraphs 1.1 through 8.8.

9.2 Answering paragraph 9.2, although not an allegation about the facts of this case, the statement in paragraph 9.2 is a legal conclusion to which no answer is required and therefore Whitman denies paragraph 9.2.

9.3 Whitman denies paragraph 9.3.

9.4 Whitman denies paragraph 9.4.

9.5 Whitman denies paragraph 9.5.

9.6 Whitman denies paragraph 9.6.

DEFENDANT'S ANSWER TO COMPLAINT AND DEFENSES - 10
(Case No. 4:23-cv-5136-TOR)

**MILLER NASH LLP**
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

    9.7    Whitman denies paragraph 9.7.

    9.8    Whitman denies paragraph 9.8.

    9.9    Whitman denies paragraph 9.9.

## X. ALLEGED CAUSES OF ACTION VII:
### Negligent Supervision

    10.1    Answering paragraph 10.1, Whitman incorporates its responses from paragraphs 1.1 through 9.9.

    10.2    Whitman denies paragraph 10.2.

    10.3    Whitman denies paragraph 10.3.

    10.4    Whitman denies paragraph 10.4.

    10.5    Whitman denies paragraph 10.5.

    11.5    Whitman denies paragraph 11.5.

## XI. ANSWERING PLAINTIFF'S REQUEST FOR RELIEF

Answering the portion of the Complaint entitled "Request for Relief" and all subparts, the paragraph contains conclusions of law, as opposed to allegations of fact, to which no response is required. To the extent a response is required, Whitman denies same and denies that Plaintiff is entitled to any form of relief, including paragraphs 11.1-11.3.

## XII. GENERAL DENIAL

Whitman denies each and every allegation contained in Plaintiff's complaint not specifically admitted in this Answer.

## XIII. DEFENSES

Without waiving any denials or defenses, without assuming the burden of proof on any issue, and reserving the right to amend or delete defenses as information becomes available through investigation and discovery, Whitman raises the following:

DEFENDANT'S ANSWER TO COMPLAINT AND DEFENSES - 11
(Case No. 4:23-cv-5136-TOR)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

1. Without waiving any defenses or denials, plaintiff fails to state a claim upon which relief can be granted.

2. Without waiving any defenses or denials, plaintiff's causes of actions are barred in whole or in part by plaintiff's own conduct, acts or omissions, and therefore, he is equitably estopped from recovering on any of his claims for relief.

3. Without waiving any defenses or denials, plaintiff's causes of actions are barred in whole or part by the doctrine of waiver.

4. Without waiving any defenses or denials, plaintiff is not entitled to damages to the extent that he failed to mitigate his alleged losses or damages.

5. Without waiving any defenses or denials, plaintiff is not entitled to recover noneconomic damages on some of his claims.

6. Without waiving any defenses or denials, plaintiff's contract-related claims are barred by the impracticability of performance doctrine because plaintiff did not seek to invoke disability accommodations until the end of the Spring 2023 semester or later after much of his coursework was well past-due.

7. Without waiving any defenses or denials, plaintiff cannot prevail on his claims because the claims are based on the exercise of academic judgment.

8. Without waiving any defenses or denials, plaintiff's causes of action are barred in whole or in part to the extent plaintiff sustained no injury or damages as a proximate result of any act by or attributable to Whitman.

9. Whitman acted at all times in good faith.

DEFENDANT'S ANSWER TO COMPLAINT AND DEFENSES - 12
(Case No. 4:23-cv-5136-TOR)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

FURTHER, BY WAY OF RESERVATION OF RIGHTS, WITHOUT WAIVER, Whitman specifically reserves the right to amend its answer by way of adding additional parties, affirmative defenses, counterclaims, cross-claims, and third-party claims, as additional investigation, discovery, or circumstances may warrant.

## XIV.  REQUEST FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Whitman requests the following relief:

1. Plaintiff's claims be dismissed with prejudice;
2. Whitman be awarded its costs and attorney fees; and
3. That the Court award any other remedy it deems appropriate.

DATED: November 6, 2023.

By s/*Michael Porter*
Michael Porter, WSB No. 37339
Erin M. Burris, OSB No. 155379
(*admitted pro hac vice*)
erin.burris@millernash.com
MILLER NASH LLP
605 5th Ave S, Ste 900
Seattle, WA  98104
Telephone:  206.624.8300
mike.porter@millernash.com

Attorneys for Defendant

DEFENDANT'S ANSWER TO COMPLAINT AND DEFENSES - 13
(Case No. 4:23-cv-5136-TOR)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

# CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kammi Mencke Smith, WSBA #34911
Witherspoon Brajcich McPhee, PLLC
601 W Main Ave, Ste 1400
Spokane, WA 99201
Telephone: 509.455.9077
Email: ksmith@workwith.com

Attorney for Plaintiff

Under the laws of the United States of America and the state of Washington, the undersigned hereby declares, under the penalty of perjury, that the foregoing statements are true and correct to the best of my knowledge.

Signed at Seattle, Washington, this 6th day of November, 2023.

s/*Krista Stokes*
Krista Stokes, Legal Assistant
MILLER NASH LLP
605 5th Ave S, Ste 900
Seattle, Washington  98104
206.624.8300
krista.stokes@millernash.com

4858-3162-8173.1

DEFENDANT'S ANSWER TO COMPLAINT AND DEFENSES - 14
(Case No. 4:23-cv-5136-TOR)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104